

FILED

APR 15 2008

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
            DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR F 92-5073 LJO |
| Plaintiff, | **ORDER ON DEFENDANT'S REQUEST TO REDUCE FINES/RESTITUTION** |
| vs. | |
| HERMAN KONG, | |
| Defendant. | |

This Court has reviewed defendant Herman Kong's ("defendant's") undated letter requesting that the fine and restitution amounts be reduced or forgiven. The orders of fine and restitution were part of the July 5, 1994 sentencing order issued by United States District Judge Robert E. Coyle, now retired.

On March 20, 2008, this Court requested responses to defendant's request from the United States Attorney's Office and the United States Probation Office. This Court has reviewed responses from the respective offices.

This Court agrees with the reasoning of the recommendation in the April 9, 2008 probation memorandum. As such, this Court FINDS and ORDERS that:

1. Defendant has not met the criteria of 18 U.S.C. § 3573(a)(1)(B) and (a)(2) in that there is no showing of a good faith effort for payment. The request for relief from the fine is denied;

2. If the Government believes that it has authority to collect the restitution (a matter of its

1

1    choice), this Court will not modify the original order solely based on the possibility that

2    time has expired for such collection.  No good cause has been established for such a

3    modification; and

4    3.    Defendant remains obligated to cooperate to provided needed and requested financial

5    information.

7    DATED:    April 15, 2008

8    United States District Judge Lawrence J. O'Neill

2



**United States District Court**
**Eastern District of California**



## MEMORANDUM

**To:**              **Mark Cullers, Asst. United States Attorney**
                        **U. S. Probation Office**

**From:**         **Greg Lucas, Judicial Services Supervisor**

**Date:**           **March 20, 2008**

**Subject:**      **USA vs Herman Kong  1:92-cr-5073 LJO**

Attached is a letter from the defendant in this matter in which he is requesting

the fine and restitution amounts be reduced or forgiven.

Please file a response within 20 days.

U.S. Dept of Justice

501 I St

Ste 10 -100

Sacramento, CA 95814


RE: Acct # 1994A32649/001

Court #: CR F 92-5073

Owner: Herman Kong

Gentlemen:

    Your Demand for Payment was received 2/08/08 and required some Time in order to Gather financial Data & Assess my ability to meet your Demand.

    I'm elderly age 74 - married, wife age 71 - We operate a small firm providing Third Party administrative (TPA) services to a handfull of clients. When I was licensed and active in the insurance/financial industry our clientel numbered in excess of 350 firms - we now have less than 8 clients. To subsidize our income, our son participates in a part-time basis contributing enough additional income to pay my wife an an't income of $40,000 plus cover our one employee payroll plus expenses. He spends the majority of his time as a real estate agent and in past years supported his own family of four (4) plus augmenting our income. (without his support our an'l budget would suffer a negative $23,000) However our projection for 2008 is not favorable since my son's Real estate activities has deminished drastically. Sales in our local area is a fraction of Previous years and the supplemental income may not be forthcoming.

PREPARED BY     ①     PAGE

DATE _____

Additionally, my wife, who is the primarily Administrator, is suffering from depression, elevated blood pressure, elevated cholesterol and early signs of dementia. She often performs services only to forget her previous efforts and repeats the same function the next day resulting in long hours and 6 to 7 days workweek. The future continuation of an item is in doubt.

I have a health history that many of my friends, in good humor, wondered and marveled that I'm still alive!

Open heart surgery was a direct result of a myocardio infarction with 60% permanent damage to my left ventricular walls. I'm currently treated for cardio-vascular disease, diabetes, asthma and Peripheral arterial disease with claudication in both legs. I can walk but 500 to 600 ft. before severe cramps sets-in - 6 months ago my vision deteriorated and I am now afflicted with Glaucoma wherein laser surgery was performed. Prognosis is in the near future cataract surgery will be required. Optic nerves are damaged as a direct result of my diabetes. Common treatment for diabetes is diet, medication and exercise, but impossible with my legs claudication!

As of February 2008, further bad news in the form of possible Prostate cancer was diagnosed when my PS-2 Test elevating rapidly - a late March Biopsy is scheduled - The above recital is a Pragmatic assessment of our economic and health issues -

A time payment plan would not be advisable if upon my demise - The debt is visited upon my wife, and with my health problems - longevity is not in my favor. We have a 2003 suv with $4200 lien payable to Ford credit but has a market value of approximately $17,000 - I will sell the vehicle to derive $15,500 to $16,000 to settle this matter. I must qualify the $15,000 to $16000 -     cont-

PREPARED BY:                                    ⑤                        PAGE

DATE

Cont. P. 3

I must qualify the $19,000 estimated market Value., with gasoline approaching $4.00/Gallon large SUV's are facing a soft market. Our daily driver is a 1991 sedan and an effort to sell the car to Car-Max derived an offer of $960.00 Therefore not an issue. My wife's car is a 1999 sedan.

In summary, I never thought I would view my purported "Golden" years as a "Statistic". A senior citizen with "fixed" income facing rising medical cost (my outlay for drugs alone despite a drug card exceeds $2,500 an'Ly) rising Insurance cost, and inflationary times deminishing my purchasing power. Our financial future is bleak and our health continues to deteriorate - our quality of life is laughable - I have few options and Liquidation of assets is my only option - I respectfully asked that my settlement offer be accepted -

Sincerely -

Herman Koy

P.S. Apologies for a poorly written note - my arms are afflicted with calcium sponge in the shoulder area - my wife; normally my typist would be further depressed if she knew of our less than sterling future - The 2003 SUV is our only dependable vehicle.

PREPARED BY                                                    PAGE



**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA**

**MEMORANDUM**

Honorable Lawrence J. O'Neill
United States District Judge
Fresno, California

> RE: **KONG, Herman**
> **Docket Number:   1:92-CR-5073-LJO**
> **Unpaid Fine & Restitution Issues**

Your Honor:

On March 20, 2008, our office and the U.S. Attorney's Office received a memo from Greg Lucas, Judicial Services Supervisor, asking for a response to be filed in 20 days, due to this defendant requesting that the fine and restitution amounts be reduced or forgiven.

**Legal History:** On July 5, 1994, this defendant was sentenced by the Honorable Robert E. Coyle to 1 year BOP custody/imprisonment pursuant to 18 USC 4205 (b), following his guilty plea to a single-count Superseding Information charging 18 USC 371 - Conspiracy to Make False Statements to Federal Savings & Loan Insurance Corporation and False Entries. The Court also imposed a $50 mandatory special assessment, a $10,000 fine payable immediately, $50,000 restitution payable immediately, and ordered the defendant to perform 300 hours of unpaid community service in lieu of any further monetary restitution.

**Plea Agreement:** Pursuant to the defendant's plea, the Government moved to dismiss the multi-count Indictment at the time of sentencing, and acknowledged the defendant had provided approximately $800,000 restitution as a result of a civil law suit settlement with the FDIC. However, the defendant agreed to pay restitution as may be ordered by the Court.

**Dates of Offense(s):** This was a Nonguideline case due to the dates of offenses occurring between May 31, 1984, through March 15, 1985.

**RE:    Kong, Herman**
**Docket Number: 1:92-CR-5073-LJO**

**U.S. Probation Office Role:** The U.S. Probation Office prepared a presentence report in this matter in December 1993, recommending a 4-year BOP term of imprisonment pursuant to 18 USC 4205 (b)(2) and a $50 mandatory special assessment. As the FDIC was negotiating with all parties involved to obtain a final settlement on the restitution prior to sentencing, this issue was addressed in context that a restitution order may be warranted in support of the settlement arrangement or should no agreement be established prior to sentencing. Therefore, restitution was not recommended in the presentence report, nor was a fine due to the restitution concerns.

As the defendant received a 1-year BOP imprisonment sentence, he was subsequently released with no parole supervision to follow. Therefore, the U.S. Probation Office was never in a position to follow-up and/or monitor the offender's compliance with the court's orders as to payment of the fine, restitution and completion of community service hours.

**Defendant's Ability to Pay a Fine/Restitution:** The presentence report prepared pointed out the defendant had the resources to pay a fine or restitution in this case. A summary of this defendant' financial profile/condition reflected the following: average monthly income of $18,000 - $25,000; total assets of approximately $932,000 (included residence of $250,000, checking account of $36,000, savings of $149,000, IRA of $3,411, securities of $5,500; cash value life insurance of $89,000 and other listed assets totaling approximately $400,000); with listed liabilities of just over $281,000, leaving a total net worth in excess of $650,000.

**Fine Collection Responsibility:** Policy with regard to collection of the fine by the U.S. Attorney's Office will vary accordingly. The date the offense was committed (or concluded if it is a continuing offense) determines the applicable statute. The date of the sentence is irrelevant.

For offenses committed prior to January 1, 1985, 18 USC 3651 is applicable: that is, when a fine is not a condition of probation the fine continues in existence and must be collected by the U.S. Attorney in the manner provided by 18 USC 3565 (collectible until death of the defendant or twenty years after the date of entry of judgment, whichever occurs earlier).

**RE:    Kong, Herman**
**Docket Number: 1:92-CR-5073-LJO**

Fines can be enforced by execution against defendant's property in a like manner as a civil judgment. Judgment may be recorded as a lien per 28 USC 1962.

For offenses committed between January 1, 1985 to October 31, 1987 (which is applicable in this case), the Criminal Fine Enforcement Act of 1984 amended 18 USC 3651, insofar as fines being imposed a a condition of probation (no probation in this case). If a fine obligation remains at the end of the probation period, the court can terminate probation, but the defendant remains obligated to pay the fine. Again, in such instances, the U.S. Attorney's Office would initiate collection attempts under the provisions of 18 USC 3565. The AUSA would have 20 years (in this case until July 4, 2014) to collect the fine. This may be extended by AUSA and debtor. Fines imposed for offenses committed under these time frames, are subject to interest rates of 1 ½% per month (18% per annum) and late penalties.

**Restitution Collection Responsibility:** For offenses committed between January 1, 1985 to October 31, 1987, (applicable in this case) orders for restitution are addressed in 18 USC 3579. As per 18 USC 3579 (f)(1): The Court may require that such defendant make restitution under this section within a specified period or in specified installments. As per 18 USC 3579 (f)(2): The end of such period or the last such installment shall not be later than – (A) the end of the period of probation, if probation is ordered; (B) five years after the end of the term of imprisonment imposed, if the court does not order probation; or (c) five years after the date of sentencing in any other case.

In this case, no installments were ordered nor was a term of probation granted, thus subsection (f)(2)(B) above applies. The defendant was released from his BOP prison commitment on July 14, 1995. Collectability may be an issue the court needs to address, as it would seem the Government's authority and ability to collect restitution expired on July 13, 2000.

**Petitioning for Modification or Remission of Fine:** As per 18 USC 3573(a)(1), which was in effect and applicable for the offense conduct time frame in this case, "a defendant who can show good faith effort to comply with the terms of sentence.........., may at any time petition the court for – (B) a remission of all or part of the unpaid portion including



**RE:   Kong, Herman**
**Docket Number: 1:92-CR-5073-LJO**

interest and penalties; or (a)(2) has voluntarily made restitution or reparation to the victim of the offense, may at any time petition the court for a remission of the unpaid portion of the fine in an amount not exceeding the amount of such restitution or reparation. For the purposes of clause (1), unless exceptional circumstances exist, a person may be considered to have made a good faith effort to comply with the terms of the sentence only after payment of a reasonable portion of the fine.  If the court finds that the circumstances warrant relief, the court may enter an appropriate order, and provide the Attorney General with a copy of such order.

For all offenses occurring on or after November 1, 1987, as per revised 18 USC 3573, only the Government can petition to remit all or part of the unpaid portion of the fine or assessment, if it can show that reasonable efforts to collect are not likely to be effective.

**Financial Litigation Unit (FLU) Update:**  Information received from the FLU unit reflects on February 2, 2008 a Treasury Offset Program (TOP) notice was sent for the restitution debt and on April 3, 2008, a TOP notice was sent for the fine debt.  The FLU unit ledger account reflects the following: $50 special assessment paid in full on 03-16-95; $350 paid towards restitution on 03-13-02, with current balance at $49,650; no payments towards the fine, with current balance at $17,273.60, which includes the interest computed at 5.31% per annum. (It is noted that the FLU unit could in fact compute the interest rate on this imposed fine at 18% per annum).

It is also noted that FDIC attorney David Beck (who was designated a Special AUSA during these collections/payment negotiations) submitted an email dated 06-13-02 to the FLU unit summarizing the defendant's financial profile as follows: $3,900 per month from retirement pension; $1,365 per month in social security benefits; and an April 2002 bank statement for the defendant's "former" insurance business (which he had transferred to his wife and son in 1995), which showed a positive checking account balance of approximately $89,000. For the above reasons, Mr. Beck informed the defendant and his attorney, that he would not recommend anything less than full payment.

**RE:   Kong, Herman**
**Docket Number: 1:92-CR-5073-LJO**

**U.S. Probation Office Recommendations:**

Although our office has no direct involvement in this case (other than having prepared the presentence report), we would respectfully submit the following recommendations:

1.  Restitution collectability appears to be an issue which needs to be addressed, and it would seem the 5-year period in which the Government had the authority to collect the restitution ordered expired on July 13, 2000.

2.  It does not appear the defendant meets the criteria as referenced in 18 USC 3573(a)(1) (B) & (a)(2), as to "good faith effort" for payment, and therefore his petition to be granted relief for remission and/or reduction of the fine imposed should be denied.

3.  The defendant should be ordered/required to cooperate with the AUSA and FLU unit in providing full access to any requested financial information.

Respectfully submitted,

/s/ Jay D. Craddock

**Jay D. Craddock**
**Chief United States Probation Officer**

JDC/jdc

April 9, 2008

Attachment: PSR

cc:    Mark Cullers, AUSA